IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **BROTHERHOOD OF LOCOMOTIVE ENGINEERS AND TRAINMEN,** a Division of the Rail Conference of the International Brotherhood of Teamsters, | : : : : : : |
| Petitioner, | : CIVIL ACTION NO.: |
| v. | : : |
| **WISCONSIN CENTRAL LTD.,** | : : |
| Respondent. | : : |

**PETITION FOR ENFORCEMENT OF AN AWARD AND ORDER OF A PUBLIC LAW BOARD PURSUANT TO THE RAILWAY LABOR ACT**

1. This is an action to enforce Award No. 53 of Public Law Board 7236 pursuant to Section 3 First (p) and Section 3, Second of the Railway Labor Act ("RLA"), 45 U.S.C. § 153 First (p) and 153 Second.

2. Award No. 53 was issued pursuant to the provisions of the RLA. A true and correct copy of Award No. 53 is attached to this petition as Exhibit A.

3. Jurisdiction to entertain this petition and to grant the relief requested herein is conferred on this Court by Section 3 First (p) and Section 3 Second of the RLA, 45 U.S.C. § 153 First (p) and § 153 Second, and by 28 U.S.C. §§ 1331 and 1337.

4. Venue is proper in this Court under Section 3 First (p) of the RLA, 45 U.S.C. § 153, First (p), because Respondent Wisconsin Central Ltd. ("Wisconsin Central") operates in this judicial district.

5. Petitioner Brotherhood of Locomotive Engineers and Trainmen ("BLET"), a Division of the Rail Conference of the International Brotherhood of Teamsters, is a national labor

organization in which employees participate and exists for the purpose of, among other things, dealing with carriers pursuant to the RLA concerning rates of pay, rules and working conditions, including negotiation and administration of collective bargaining agreements. BLET is a "representative" within the meaning of Section 1 Sixth of the RLA, 45 U.S.C. § 151 Sixth. On Wisconsin Central, BLET represents Locomotive Engineers ("Engineers") in the craft or class of Engine Service Employees. BLET's headquarters is located at 7061 East Pleasant Valley Road, Independence, Ohio 44131.

6. Respondent Wisconsin Central is a railroad engaged in freight transportation services in Canada and the United States of America. Wisconsin Central is a Delaware corporation with its headquarters and principal place of business at 17641 Ashland Ave., Homewood, IL, 60430-1339. Wisconsin Central is a "carrier" within the meaning Section 1 First of the RLA, 45 U.S.C. § 151, First.

7. Wisconsin Central's parent organization is Canadian National, a railroad headquartered in Montreal at 935 de La Gauchetiere Street West, Montreal, Quebec, Canada, H3B 2M9.

8. BLET and Wisconsin Central are parties to a collective bargaining agreement ("CBA"), which governs the rates of pay, rules, and working conditions of Engineers represented by BLET. A true and correct copy of the CBA is attached to this petition as Exhibit B. Article 30 of the CBA provides, in relevant part, that Engineers who consider discipline imposed by Wisconsin Central to be unjust may appeal such discipline to arbitration before a "tribunal established pursuant to law or by agreement. . . ."

9. Under the RLA, disputes concerning the interpretation or application of collective bargaining agreements, including disputes involving discipline of union-represented employees, are subject to mandatory arbitration. Section 3, First of the RLA created the

National Railroad Adjustment Board ("NRAB"), and gave the NRAB exclusive jurisdiction over such disputes. 45 U.S.C. § 153 First. 45 U.S.C. § 153 First. 45 U.S.C. § 153, First. The NRAB is divided into four Divisions, each of which is assigned jurisdiction over disputes involving specific crafts or classes of employees. The First Division of the NRAB is assigned "jurisdiction over disputes involving train- and yard-service employees of carriers; that is, engineers, … conductors, trainmen, and yard-service employees." 45 U.S.C. § 153 First (h).

10. Section 3, Second of the RLA allows carriers and labor organizations to establish arbitration panels "to resolve disputes otherwise referable to" the NRAB. 45 U.S.C. § 153 Second. 45 U.S.C. § 153, Second. An arbitration panel established by the parties is referred to as a Public Law Board ("PLB") or a Special Board of Adjustment.

11. PLB 7236 was created by BLET and Wisconsin Central pursuant to Section 3 of the RLA, 45 U.S.C. § 153, to resolve claims and grievances or disagreements as to the interpretation, application or performance of the CBA that arise between BLET and Wisconsin Central that cannot be resolved between the parties in direct negotiations.

12. At all times relevant herein, PLB 7236 was comprised of Marcus Ruef, Organization Member appointed by BLET, Antoinette Middleton, Carrier Member appointed by Wisconsin Central, and a neutral member, Referee Kathryn VanDagens, Chairman of PLB 7236. Ms. VanDagens is a professional arbitrator.

13. On or about November 27, 2020, following a formal investigation conducted on November 18, 2020, Wisconsin Central discharged Engineer Jason King ("King") due to an incident involving a train he was operating on August 12, 2020.

14. When BLET and Wisconsin Central were unable to resolve their dispute over the propriety of that discipline, the dispute was submitted to PLB 7236 for resolution. The dispute was identified as Case No. 53 before PLB 7236.

15. Wisconsin Central and BLET filed written submissions with PLB 7236 setting forth their respective positions regarding the propriety of King's discharge.

16. PLB 7236 conducted a hearing on November 22, 2021 at which both sides were afforded a full opportunity to present their respective positions.

17. Following the hearing and after considering the parties' written submissions, on March 17, 2022, PLB 7236 issued its decision, known as Award No. 53 (Exhibit A).

18. In Award No. 53, the Public Law Board stated that "[i]t is fundamental in discipline cases that the Carrier has the burden of proof to show the employee was guilty of the offense." PLB 7236 found that "the Carrier [Wisconsin Central] has failed to meet that responsibility and, therefore, this Board has no choice other than to sustain the claim."

19. In sustaining the claim, PLB 7236 ordered that "[Wisconsin Central] shall return Claimant [King] to active service in accordance with the prevailing procedures in effect on the applicable Carrier property." The PLB further ordered Wisconsin Central "to make the Award effective on or before 30 days following the postmark date the Award is transmitted to the parties," which was March 17, 2022.

20. Wisconsin Central has not reinstated King to employment as ordered by PLB 7236. Wisconsin Central has thereby failed to comply with Award No. 53 issued by PLB 7236.

21. Section 3 First (o) of the RLA, 45 U.S.C. § 153, First (o), provides that:

> [i]n case of an award by any division of the Adjustment Board in favor of petitioner, the division of the Board shall make an order, directed to the carrier, to make the award effective and, if the award includes a requirement for the payment of money, to pay to the employee the sum to which he is entitled under the award

on or before a day named. In the event any division determines that an award favorable to the petitioner should not be made in any dispute referred to it, the division shall make an order to the petitioner stating such determination.

22. Section 3 First (p) of the RLA, 45 U.S.C. § 153, First (p), provides that if a carrier does not comply with an order of the NRAB, the petitioner may file a petition to enforce the order in a District Court of the United States. In such a proceeding:

> [t]he district courts are empowered, under the rules of the court governing actions at law, to make such order and enter such judgment, by writ of mandamus or otherwise, as may be appropriate to enforce or set aside the order of the division of the Adjustment Board: Provided, however, That such order may not be set aside except for failure of the division to comply with the requirements of this Act, for failure of the order to conform, or confine itself, to matters within the scope of the division's jurisdiction, or for fraud or corruption by a member of the division making the order.

23. Section 3 Second of the RLA, 45 U.S.C. § 153, Second, provides that compliance with awards of special boards of adjustment or public law boards "shall be enforceable by proceedings in the United States district courts in the same manner and subject to the same provisions that apply to proceedings for enforcement of compliance with awards of the [National Railroad] Adjustment Board."

24. Award No. 53 of PLB 7236 conforms and confines itself to matters within the scope of the PLB's jurisdiction.

25. Award No. 53 of PLB 7236 complies with the requirements of the Railway Labor Act, 45 U.S.C. § 151 *et seq*.

26. There was no fraud or corruption by any member of PLB 7236 in making Award No. 53.

27. As a result of Wisconsin Central's failure to reinstate King and comply with Award No. 53, BLET and King have suffered and continue to suffer monetary damages.

28. BLET has at all times been willing to comply with the procedures of the RLA and has exercised and is continuing to exercise reasonable efforts to resolve this dispute with Wisconsin Central.

## PRAYER FOR RELIEF

WHEREFORE, Petitioner BLET prays that this Court grant the following relief:

1. Enter a judgment and order in favor of Petitioner BLET enforcing Award No. 53 of PLB 7236;

2. Order Respondent Wisconsin Central to reinstate King and make him whole for all losses he has suffered as a result of Wisconsin Central's refusal to comply with Award No. 53, including pre-judgment and post-judgment interest on all amounts he is due;

3. Order Wisconsin Central to pay the cost of these proceedings, including reasonable attorneys' fees as provided for in 45 U.S.C. § 153 First (p); and

4. Grant BLET such other and further relief as the Court may deem proper and just in the circumstances.

Respectfully submitted,

/s/ *Joshua D. McInerney*
Joshua D. McInerney (N.D. Ill. Bar No.84355)
Wentz, McInerney, Peifer & Petroff, LLC
3311 Bear Pointe Circle
Powell, OH 43065
614-756-5566
jmcinerney@lawforlabor.com

Attorney for BLET

Dated: May 9, 2022